UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:07-CR-0163-T-27EAJ

BRIAN WILCOX
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendant's **Application to Proceed Without Prepayment of Fees or Costs** (Dkt. 111), which this court construes as a motion to proceed in forma pauperis. On October 13, 2009, Defendant filed a motion for return of property under Rule 41(e), Fed. R. Crim. P., requesting that the court order the return of "all legitimate electronically stored data files" that Defendant had forfeited pursuant to court order (Dkt. 107 at 3).[1] In denying Defendant's motion, the court noted that Defendant did not appeal the order of forfeiture or the forfeiture provision of his judgment which specifically listed the property Defendant sought to have returned (Dkt. 109). Defendant filed a Notice of Appeal (Dkt. 110) of the court's order denying his motion and then moved for leave to appeal in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an appeal without prepayment of fees by a person who submits an affidavit demonstrating an inability to pay such fees. However, "the court shall dismiss [a] case at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Although Defendant purports to appeal the court's order denying his second motion for

_____

[1] Rule 41(e), Fed. R. Crim. P., is now Fed. R. Civ. P. 41(g), Fed. R. Crim. P.

return of property, he is ultimately appealing the order of forfeiture entered by the court on January 4, 2008. This order found that "all right, title, and interest of Defendant Brian Wilcox in the personal property identified . . . are CONDEMNED AND FORFEITED to the United States for disposition . . .", and lists the property to be forfeited (Dkt. 50). On February 20, 2008, Defendant was sentenced to a total term of forty-five years imprisonment followed by a life term of supervised release. Defendant's judgment also enumerated the items forfeited to the United States (Dkt. 60). Although Defendant appealed his sentence and judgment, they were affirmed on June 4, 2009. Defendant did not appeal the order of forfeiture or the forfeiture provision of his judgment; thus, the order of forfeiture was not stayed pending appeal pursuant to Fed. R. Crim. P. 32.2(d).

The court has already determined that the property Defendant seeks to have returned was condemned and forfeited to the United States for disposition as it was property "used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2252(a)(3). The time to appeal the order of forfeiture and the forfeiture provision of Defendant's judgment has expired; Defendant's appeal of the court's order denying his motion for return of property is an attempt bring the issue before the court again and is frivolous.

Accordingly, it is **RECOMMENDED** that:

(1)  Defendant's **Application to Proceed Without Prepayment of Fees or Costs** (Dkt. 111) be **DENIED**; and

(2)  Defendant's appeal be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

2

**Dated: January 8, 2010**

*[signature]*
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge